**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

| | |
|---|---|
| **MAURICE BARR, # 10460-042** | **PETITIONER** |
| **VERSUS** | **CIVIL ACTION NO. 5:08-cv-317-DCB-MTP** |
| **UNITED STATES OF AMERICA AND** | |
| **BRUCE PEARSON** | **RESPONDENTS** |

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner Maurice Barr, an inmate confined at the Federal Correctional Complex at Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on December 1, 2008. Upon review of the court record the court has reached the following conclusions.

Background

The petitioner pleaded guilty to distribution of a controlled substance in the United States District Court for the Northern District of Mississippi on December 16, 1996. Petitioner was sentenced to life in the custody of the Bureau of Prisons. On December 8, 1997, the United States Court of Appeals for the Fifth Circuit affirmed the petitioner's conviction. U.S. v. Barr, 130 F.3d 711 (5th Cir. 1997). The petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 was denied by the United States District Court for the Northern District of Mississippi on February 5, 2001.

In the petition before this court, petitioner argues he is being illegally held due to an invalid indictment. Petitioner maintains that the indictment failed to state every element of the offense, drug type and quantity of controlled substance. Resp. [3], p. 4. Additionally, in his

response [5] to this court's order [4] petitioner clarifies his grounds for relief to be actual innocence and ineffective assistance of counsel. Resp. [5], p. 3. As relief, petitioner requests his immediate release from incarceration.

Further in this court's order [4], the petitioner was directed to provide information regarding his previous habeas filings and to specifically state if he was claiming that a motion pursuant to 28 U.S.C. § 2255 was an inadequate or ineffective way of attacking his current confinement. In his response [5], petitioner stated that a motion pursuant to § 2255 was inadequate or ineffective because he is actually innocent and because of the one-year statute of limitations. Resp. [5], p. 3.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

In the instant case, the petitioner's allegations relate to the validity of his conviction and sentence. Petitioner claims that the "indictment fails to allege an offense, a fatal jurisdictional defect." Resp. [3], p. 4. Specifically petitioner argues that he is actually innocent due to an

2

invalid indictment and he received ineffective assistance of counsel. Clearly, these claims relate to alleged errors that occurred during or before sentencing and not to the manner in which his sentence is being executed. As such, this court does not have jurisdiction to address the constitutional issues presented by the petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[1] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452. The Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. See Reyes-Requena, 243 F.3d 893 (5th Cir.2001). The Court held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence"

---

[1] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

3

requirement, whose "core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law." Id. at 903.

Petitioner asserts that a § 2255 motion is an inadequate and ineffective remedy because he is actually innocent as the result of an invalid indictment and because he is barred by the one-year statute of limitations. This court finds petitioner's assertion that § 2255 is an inadequate or ineffective means of attacking his current confinement to be unpersuasive. To meet the first prong of the Reyes-Requena test, petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena, 243 F.3d at 904. The petitioner has failed to provide any support to satisfy this requirement. It appears that petitioner is attempting to make an argument pursuant to the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). Petitioner argues that his indictment is ineffective because it failed to state every element of the offense, drug type and quantity of controlled substance. The Court in Apprendi held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 489-90. However, the United States Court of Appeals for the Fifth Circuit noted that the holding in Apprendi is not "retroactively applicable to cases on collateral review." Padilla v. United States of America, 416 F.3d 424, 427 (5th Cir. 2005). Therefore a "§ 2241 petitioner raising a claim under Apprendi did not fall under the savings clause of §2255." Id. Any other claim petitioner is presenting regarding jurisdictional defects in the indictment also fails to meet the savings clause. See Wesson v. United States Penitentiary Beaumont, TX, 305 F.3d 343, 346 (5th Cir. 2002)(citing United States v. Cotton, 535 U.S. 625 (2002) holding that defects in an indictment

4

are nonjurisdictional). Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena.

Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this court need not address the second prong of the test. Therefore, since the petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claims. Therefore, this § 2241 petition will be dismissed, without prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this court's lack of jurisdiction, with prejudice. See Pack v. Yusuff, 218 F.3d 448, 454-55 (5th Cir.2000).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the   24th    day of August, 2009.


     s/David Bramlette
    UNITED STATES DISTRICT JUDGE